UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY TORREZ JR.,

Plaintiff,

v.

JEOFFREY D. WILSON, et al.,

Defendants.

Case No.: 1:26-cv-05525-EGC (PC)

**ORDER DIRECTING CLERK OF THE COURT TO SEND PLAINTIFF A NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS**

**ORDER DIRECTING PLAINTIFF TO COMPLETE NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS WITHIN 30 DAYS**

**ORDER DENYING MOTION TO APPOINT COUNSEL**

(Doc. 9)

Plaintiff Larry Torrez Jr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I. RELEVANT BACKGROUND

Plaintiff filed a complaint (Doc. 1) and a handwritten document titled "In Forma Pauperis," docketed as motion to proceed *in forma pauperis* (Doc. 2) on July 16, 2026.

On July 21, 2026, the Court issued its Order to Submit Application to Proceed In Forma Pauperis (IFP) or Pay Filing Fee Within 45 Days. (Doc. 4.)

On August 14, 2026, Plaintiff filed a completed and signed IFP application by a prisoner. (Doc. 7.) That same date, Plaintiff filed a notice of change of address (Doc. 8) and an untitled

document, docketed as a motion to appoint counsel (Doc. 9).

## II. DISCUSSION

### *Application to Proceed IFP*

When an inmate or prisoner in a civil rights action has been released from custody, this Court directs the plaintiff to file a *non-prisoner* IFP application. Here, Plaintiff has very recently been released from custody. (*See* Doc. 7 at 1 ["State the place of your incarceration: Released Fresno County Jail 8/14/2026"] & Doc. 9 [change of address reflecting residential address in Fresno].) Thus, although Plaintiff has complied with the Court's previous order to submit an IFP application, the Court will direct the Clerk of the Court to send Plaintiff a non-prisoner IFP application and Plaintiff will be directed to complete and submit the non-prisoner IFP application within 30 days.

### *Appointment of Counsel*

Plaintiff's handwritten, untitled document filed August 14, 2026 reads as follows:

> I, Larry Torrez Jr., am requesting in this case that the civil court will appoint me legal counsel per "in forma pauperis § 1915" (e)(1) an attorney to represent any person unable to afford counsel

(Doc. 9.)

<u>Applicable Legal Standards</u>

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (cleaned up).

Analysis

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, Plaintiff's complaint has not yet been screened. *See* 28 U.S.C. 1915A(a). Thus, a determination concerning the likelihood of Plaintiff's success on the merits of his claims is premature. *See, e.g.*, *Porter v. Rivas*, No. 1:33-cv-00105-ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal. July 26, 2023) ("A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff able to articulate his claims in light of their complexity. A brief review of Plaintiff's complaint reveals Plaintiff's claims concern a trespassing incident in May 2026 in Fresno. (*See* Doc. 1.) Plaintiff names about a dozen defendants (*id*. at 1) and alleges several civil rights violations (*id*. at 2-8). His claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel").

To the extent Plaintiff relies upon his indigency to support his motion, the inability to afford counsel does not qualify as an exceptional circumstance warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise

warrant the appointment of counsel"); *see also Allen v. Bentacourt*, No. 1:18-cv-01187 JLT GSA (PC), 2024 WL 2883294, at *1 (E.D. Cal. May 22, 2024) ("The fact that Plaintiff has recently been released from jail after a long sentence is insufficient to warrant the appointment of counsel"). Plaintiff's motion will be denied.

***Miscellaneous Information***

Plaintiff is advised that the mailbox rule does not apply because he is no longer incarcerated. *See, e.g.*, *Gelazela v. United States*, No. 1:21-cv-01499-JLT-EPG (PC), 2024 WL 3675609, at *8, n.2 (E.D. Cal. Aug. 5, 2024) (finding the mailbox rule does not apply because plaintiff was released from custody when he filed his complaint); *Emasealu v. Gomez*, No. 1:22-cv-01326-HBK (PC), 2023 WL 5614937, at *1, n.2 (E.D. Cal. Aug. 30, 2023) ("Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule"); *Estrada v. North Kern State Prison*, No. 1:18-cv-00667-DAD-SAB (PC), 2020 WL 590114, at *2 (E.D. Cal. Feb. 6, 2020) ("the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. … In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline"). Thus, Plaintiff will be required to meet any future filing deadlines by mailing any responsive document ahead of the deadline to ensure receipt by the Court prior to its expiration.

Plaintiff must ensure his filings comply with the Federal Rules of Civil Procedure and this Court's Local Rules. (*See* Doc. 3 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued 7/20/2026].) In particular, Plaintiff is encouraged to review the informational order to ensure compliance with rules pertaining to motions and required signatures. (*Id*. at 2.)

Further, Plaintiff is reminded that the Court is required to screen pro se complaints against a governmental entity or individual. (*See* Doc. 3 at 3.) This Court is experiencing a continuing judicial emergency[1] and there are dozens of civil rights complaints awaiting screening on the undersigned's caseload. Delays are inevitable. The complaint will be screened in due course.

[1] *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. The Clerk of the Court is directed to send Plaintiff a *non-prisoner* IFP application to his new address on record with the Court;
2. Plaintiff **SHALL** complete, sign, and return the non-prisoner IFP application **within 30 days** of the date of service of this order; and
3. Plaintiff's motion to appoint counsel (Doc. 9) is **DENIED**.

**WARNING: A failure to comply with this order may result in a recommendation that this action be dismissed without prejudice for a failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated: **August 18, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE