UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY TORREZ JR.,

Plaintiff,

v.

JEOFFREY D. WILSON, et al.,

Defendants.

Case No.: 1:26-cv-05525-EGC (PC)

**ORDER DENYING APPLICATIONS TO PROCEED IN FORMA PAUPERIS AS MOOT**

(Docs. 2, 7, 11 & 12)

Plaintiff Larry Torrez Jr. is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. RELEVANT BACKGROUND**

Plaintiff filed a complaint (Doc. 1) and a handwritten document titled "In Forma Pauperis," docketed as motion to proceed *in forma pauperis* (Doc. 2) on July 16, 2026.

On July 21, 2026, the Court issued its Order to Submit Application to Proceed In Forma Pauperis (IFP) or Pay Filing Fee Within 45 Days. (Doc. 4.) A blank IFP application form was included for Plaintiff's use. (*Id*. at 4-1 at 1-3.)

On August 14, 2026, Plaintiff filed a completed and signed IFP application by a prisoner. (Doc. 7.) That same date, Plaintiff filed a notice of change of address[1] (Doc. 8) and an untitled document, docketed as a motion to appoint counsel (Doc. 9).

[1] The change of address indicated Plaintiff now resides at a residential address on Clinton Avenue in Fresno, California. Hence, he is no longer incarcerated in the Fresno County Jail.

On August 19, 2026, the Court issued its Order Directing Clerk of the Court to Send Plaintiff a Non-Prisoner Application to Proceed In Forma Pauperis, Order Directing Plaintiff to Complete Non-Prisoner Application to Proceed In Forma Pauperis Within 30 Days, and Order Denying Motion to Appoint Counsel. (Doc. 10.)

On September 17, 2026, Plaintiff paid the full $405 filing fee for this action. (Receipt No. 100009624.)

Thereafter, on September 21, 2026, Plaintiff filed a completed and signed[2] Application to Proceed In District Court Without Prepaying Fees or Costs. (Doc. 12.)

**II. DISCUSSION**

Despite filing a completed and signed non-prisoner IFP application as previously directed, Plaintiff's pending IFP applications will be denied as moot. On September 17, 2026, Plaintiff paid the full filing fee for this action. Thus, it is clear Plaintiff had and/or has obtained the funds necessary to pay the filing fee to proceed with this litigation.

The Court is required to screen complaints filed by incarcerated individuals. 28 U.S.C. § 1915A(a). Because Plaintiff was incarcerated at the Fresno County Jail when he filed his complaint, his subsequent release from custody does not change that outcome. *See, e.g.*, *Doe #2 v. Johnson*, No. 2:24-cv-1844 DJC AC P, 2025 WL 2986621, at *1 (E.D. Cal. Oct. 23, 2025) (citing *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners")).

Plaintiff is advised that his complaint will be screened in due course.[3] There are dozens of prisoner complaints pending screening on the undersigned's docket. As indicated in the First Informational Order issued July 20, 2026, "[a]s long as a party keeps the Court informed of the party's current address, the Court will provide notice of all actions that might affect the case as

---

[2] This application was signed on September 8, 2026. (Doc. 12 at 2.)

[3] This Court is operating under a continuing judicial emergency. Delays, while unfortunate, are inevitable. *See* https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.

soon as an action is taken in the case.” (*See* Doc. 3 at 3.) Hence, no further action is required by Plaintiff at this time.

**III. CONCLUSION AND ORDER**

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff’s applications to proceed IFP (Docs. 2, 7, 11 & 12) are **DENIED** as moot.

IT IS SO ORDERED.

Dated: **September 24, 2026**

UNITED STATES MAGISTRATE JUDGE